UNITED STATES of America, Appellee,

v.

David WINLEY, Appellant.

No. 1354, Docket 80–1081.

United States Court of Appeals,
Second Circuit.

Submitted July 23, 1980.
Decided Jan. 15, 1981.

Jerald Rosenthal, Brooklyn, N.Y., for appellant.

John S. Martin, Jr., U. S. Atty., S. D. New York, New York City (Morris Weinberg, Jr., and Gregory L. Diskant, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and NEAHER, District Judge.*

VAN GRAAFEILAND, Circuit Judge:

Defendant appeals from a judgment of the United States District Court for the Southern District of New York, Edward Weinfeld, Judge, convicting him of bank robbery, 18 U.S.C. § 2113(a), robbery with the use of a firearm, 18 U.S.C. § 2113(d), and conspiracy to commit bank robbery, 18 U.S.C. § 371. Calvin Smith, Herman Redfern, and appellant's brother Jeffrey were named as unindicted co-conspirators, each having pleaded guilty to one of the robbery counts as charged in a prior indictment.

■ Appellant was tried twice. On the first trial, the case went to the jury on Friday, January 23, 1980. After deliberating four hours on Friday and seven hours on the following Monday, the jury reported for the second time that it was hopelessly deadlocked. The district judge discharged the jury and declared a mistrial. Although appellant did not object to the mistrial or claim double jeopardy prior to the retrial, he now asserts that the district judge erred in granting the mistrial and that therefore the Government was foreclosed from trying him a second time. There is no merit in this contention. The district judge was in the best position to decide whether further deliberations would have been fruitful, and his discretionary determination is entitled to "great deference" by this Court. *Arizona v. Washington*, 434 U.S. 497, 509–10, 98 S.Ct. 824, 832–33, 54 L.Ed.2d 717 (1978). *See United States v. MacQueen*, 596 F.2d 76, 82–83 (2d Cir. 1979). The record shows no abuse of the district judge's broad discretion.

The Government's principal witness was Herman Redfern, one of the confessed robbers. His testimony, which we need not recount, implicated his three co-conspirators and described in detail their participation in the bank robbery. This testimony was corroborated in many respects by that of other Government witnesses. Calvin Smith and Jeffrey Winley refused to testify, although ordered to do so by the district judge.

■ Holding correctly that these two men were "unavailable" witnesses under Rule 804(a)(2) of the Federal Rules of Evidence, the district judge received in evidence their guilty plea allocutions, each of which was redacted to exclude any reference to appellant. The district judge held the allocutions admissible because when made, they tended to subject the witnesses to criminal liability, Rule 804(b)(3), and because they fell within the residual hearsay exception of Rule 804(b)(5). Appellant contends that the admission of this evidence was reversible error. We disagree. A co-conspirator's admission of guilt, made after termination of the conspiracy, is not admissible as a statement in furtherance of the conspiracy, but here the admissions were received in evidence as declarations against penal interest. In the trial court's view, these declarations were admissible to corroborate Redfern's testimony and to prove that a conspiracy existed, not to prove that defendant was a member of it. Judge Weinfeld properly sought to caution the jury not to infer appellant's guilt directly from the fact that his co-defendants had pled guilty. He instructed the jury that guilt is personal and that the admissions of the co-defendants "do not constitute admissions of any nature as against David Winley"[1] and should be "weighed with caution." (Tr.

* Of the Eastern District of New York, sitting by designation.

1. Judge Weinfeld went even further in an earlier portion of the charge, telling the jury that the admissions of the co-defendants "may in no respect be considered against the defendant here on trial." (Tr. 335). Presumably, this was intended to emphasize that the admissions could not be considered as an admission of the defendant; as evidence in the case, however, they were available to be considered against the defendant, at least to prove the existence of the conspiracy, which was one element of the offense. If the jury took this instruction literally to mean that they could not consider the admissions for any purpose in the case against the appellant, any such misunderstanding would have resulted in the jury's disregarding the admissions entirely, in which event appellant would have no cause for complaint.

360). The trial judge also told the jury that appellant's own involvement had to be established by his own acts, statements, and conduct, as well as those of his alleged co-conspirators during the conspiracy.

Justice Holmes' dissenting opinion in *Donnelly v. United States*, 228 U.S. 243, 277–78, 33 S.Ct. 449, 461, 57 L.Ed. 820 (1913), presaged at an early date the adoption of Rule 804(b)(3). Justice Holmes stated that the rules of evidence are based on experience, logic, and common sense and that a confession of murder was an obvious statement against interest within that well-known exception to the hearsay rule. The logic of this reasoning led eventually to the adoption of Rule 804(b)(3). *See Report of Committee on Rules of Practice and Procedure of the Judicial Conference of the United States*, 51 F.R.D. 315, 444 (1971).

Rule 804(b)(3) provides that the statement of an unavailable witness may be admitted in evidence if, when made, it so far tended to subject the speaker to criminal liability that a reasonable man would not have made it unless he believed it to be true. If the statement is offered to exculpate the accused, there must be corroborating circumstances clearly indicating that the statement is trustworthy.

Prior to the adoption of the Federal Rules of Evidence, it was held in this Circuit and elsewhere that the guilty plea of a co-conspirator not concurrently on trial was not admissible in evidence. *United States v. Hall*, 178 F.2d 853 (2d Cir. 1950); *Trussell v. United States*, 278 F.2d 478 (6th Cir. 1960); *United States v. Toner*, 173 F.2d 140, 142 (3rd Cir. 1949). However, in view of the provisions of Rule 11 of the Federal Rules of Criminal Procedure, which require the sentencing judge to insure that each guilty plea is voluntary and has a factual basis, evidence of a plea that does not implicate the defendant, i. e., name or in some manner refer to him, would seem to fall squarely within the ambit of Rule 804(b)(3). Rule 11 requires that the sentencing judge develop on the record the factual basis for the plea. The plea must be "voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known." *Santobello v. New York*, 404 U.S. 257, 261–62, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971). *See Irizarry v. United States*, 508 F.2d 960 (2d Cir. 1975).

It is hard to conceive of any admission more incriminating to the maker or surrounded by more safeguards of trustworthiness than a plea of guilty in a federal court, particularly when, as here, the facts elicited in the allocution are buttressed by the testimony of other witnesses.[2] *See Rado v. Connecticut*, 607 F.2d 572, 580 (2d Cir. 1979), *cert. denied*, 447 U.S. 920, 100 S.Ct. 3009, 65 L.Ed.2d 1112 (1980). *See also United States v. Garris*, 616 F.2d 626, 631–33 (2d Cir.), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3021, 65 L.Ed.2d 1119 (1980). In any event, whether corroborating circumstances establish the trustworthiness of a guilty plea is a determination to be made by the district judge in the exercise of his sound discretion. *United States v. Guillette*, 547 F.2d 743, 754 (2d Cir. 1976), *cert. denied*, 434 U.S. 839, 98 S.Ct. 132, 54 L.Ed.2d 102 (1977). There was no abuse of that discretion in this case.

We need not decide whether, if the evidence in this case had been crucial or devastating to the defense, it would have passed muster under the confrontation clause of

---

**2.** In offering the co-defendants' guilty pleas, the prosecutor read to the jury a summary of the Rule 11 proceedings, limited to the incriminating admissions of each co-defendant and redacted to omit any reference to the appellant, David Winley. These admissions, made during court acceptance of guilty pleas, fully qualified as declarations against penal interest. We intimate no views on whether an admission made in police custody can be considered against penal interest for purposes of Rule 804(b)(3) if, at the time it is made, the declarant also impli-

cates the defendant. The Advisory Committee's Note to Rule 804(b)(3) observed, "[A] statement admitting guilt *and* implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest." (Emphasis added). *See United States v. Oliver*, 626 F.2d 254 (2d Cir. 1980) (conviction reversed because of admission of co-defendant's post-conspiracy statement, made in police custody, which specifically accused defendant).

the Sixth Amendment. The evidence was neither crucial nor devastating. It merely corroborated Redfern's testimony concerning the robbery without establishing that appellant was a participant. *See Dutton v. Evans*, 400 U.S. 74, 87–90, 91 S.Ct. 210, 219–20, 27 L.Ed.2d 213 (1970); *United States v. White*, 553 F.2d 310, 314 (2d Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2937, 53 L.Ed.2d 1070 (1977); *United States v. Puco*, 476 F.2d 1099, 1102–05 (2d Cir.), *cert. denied*, 414 U.S. 844, 94 S.Ct. 106, 38 L.Ed.2d 82 (1973). Because evidence of the pleas was admissible under Rule 804(b)(3), we do not decide whether it would have been admissible under Rule 804(b)(5).

■ Appellant's other claims of error are not of sufficient substance to merit detailed discussion. The district judge did not abuse his discretion in limiting appellant's cross-examination of the witness Redfern. *See United States v. Rabinowitz*, 578 F.2d 910, 912 (2d Cir. 1978). The district judge did not err in receiving evidence of the facts leading up to, surrounding, and following the bank robbery, including the differences arising out of the division of loot. *United States v. Calfon*, 607 F.2d 29 (2d Cir. 1979), *cert. denied*, 444 U.S. 1085, 100 S.Ct. 1044, 62 L.Ed.2d 771 (1980); *United States v. Knuckles*, 581 F.2d 305, 313 (2d Cir.), *cert. denied*, 439 U.S. 986, 99 S.Ct. 581, 58 L.Ed.2d 659 (1978). There was no prejudicial error in the prosecutor's summation. Finally, the district judge did not err to appellant's prejudice in dismissing the juror who disobeyed the judge's instructions not to speak to the parties or their attorneys. *See United States v. Ellenbogen*, 365 F.2d 982, 989 (2d Cir. 1966), *cert. denied*, 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967).

The judgment of the district court is affirmed.