953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Scott CUMMINGS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William James CUMMINGS, Jr., Defendant-Appellant.
 Nos. 91-30076, 91-30079.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 8, 1992.
Decided Feb. 7, 1992.
Rehearing and Rehearing En Banc
Denied April 23, 1992.
As Amended Dec. 17, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Both William and Michael Cummings claim that there was insufficient evidence to sustain the verdicts against them. In evaluating these claims, we view the evidence in the light most favorable to the government. United States v. Sanchez-Mata, 925 F.2d 1166, 1166 (9th Cir.1991) (citations omitted). The government also is entitled to "all reasonable inferences which may be drawn from [the evidence]." United States v. Davis, 932 F.2d 752, 761 (9th Cir.1991) (citations omitted).
 
 
 3
 There is no real dispute that appellants were at the crime scene. The Toyota appeared to be weighted down at all relevant times. Moreover, appellants' actions at the ditch and Michael Cummings' subsequent flight undermined their version of events. Michael Cummings' pretrial statements conflicted with his testimony, and gave the jury an additional reason to disbelieve him. Viewing the aggregate evidence in the light most favorable to the government, we are satisfied that a rational trier of fact could conclude that appellants violated 18 U.S.C. § 844(h) and 18 U.S.C. § 844(a). See Davis, 932 F.2d at 761; Sanchez-Mata, 925 F.2d at 1166.
 
 
 4
 More troublesome are appellants' claims arising out of the Judge Jones' ex parte contacts with the jury. Appellants argue that these contacts violated their rights under the Fifth Amendment, Sixth Amendment, and Federal Rule of Criminal Procedure 43, and thus warrant a new trial. In addition, they contend that the court improperly denied their requests to interview the jurors independently. Finally, they argue that Judge Jones effectively thwarted their efforts to obtain review by conducting his own interview on December 5, 1990. Like appellants' counsel, we recognize that the judge was acting with good intentions. Nevertheless, we must acknowledge that even innocent actions by a judge can improperly affect deliberations.
 
 
 5
 Both interview contentions raise the question whether appellants were entitled to any hearing in the first place. In order to obtain a hearing, appellants must demonstrate a reasonable possibility that prejudice resulted from the ex parte contact. United States v. Madrid, 842 F.2d 1090, 1094 (9th Cir.1988). Although a possibility of prejudice may inhere in any prolonged contact with the jury, we cannot say that Judge Jones' inquiry about dinner or any other statement sufficed under the reasonable possibility standard. See id. at 1094-95; United States v. Kupau, 781 F.2d 740, 743, 747 (9th Cir.1986) (terming a request for early adjournment "innocuous" and "nonsubstantive"). Consequently, appellants were not entitled to an independent interview of the jury. By the same token, they cannot complain of the flaws in the hearing that occurred on December 5, 1990.
 
 
 6
 With respect to appellants' motion for a new trial, we must determine whether they have demonstrated actual prejudice resulting from an ex parte contact. United States v. Maree, 934 F.2d 196, 201-02 (9th Cir.1991); Madrid, 842 F.2d at 1093. Because appellants cannot demonstrate a reasonable possibility of prejudice, they also cannot satisfy the actual prejudice standard. See Madrid, 842 F.2d at 1095. Accordingly, we affirm the denial of appellants' motion for a new trial even though we acknowledge the inadvisability of Judge Jones' actions.
 
 
 7
 Appellants also challenge Judge Jones' decision to replace a juror pursuant to Rule 24(c) of the Federal Rules of Criminal Procedure. Because the district judge views juror conduct firsthand, reversal is only appropriate upon a demonstration of abuse of discretion. United States v. Perez, 658 F.2d 654, 663 (9th Cir.1981) (citations omitted).[1]
 
 
 8
 The dismissed juror had objected when the judge denied his request to question a witness directly. He also opined that he could nullify a law that he considered unjust, thereby signaling his intent to disregard the judge's instructions. These actions were sufficient to justify the judge's conclusion that the juror's attitude could contaminate the deliberations. See id.; United States v. Winley, 638 F.2d 560, 563 (2d Cir.1981). The judge acted within the appropriate limits of his discretion in appraising the probability of prejudice and the nature of any initiative he felt compelled to take. See Perez, 658 F.2d at 663; Winley, 638 F.2d at 563.
 
 
 9
 We further note that appellants agreed to the alternate who took the dismissed juror's place, and did not assert that this juror was unfair. Because they have not demonstrated prejudice, we fail to see how their rights were violated. See United States v. Lustig, 555 F.2d 737, 746 (9th Cir.1977). Accordingly, we conclude that the district court did not err in dismissing the juror.
 
 
 10
 Michael Cummings further contends that the district court improperly applied section 4A1.1 of the Sentencing Guidelines and sentenced him to 57 months under Criminal History Category VI. He maintains that his earlier burglary and theft offenses were "related" and therefore not aggregable, which would indicate the Category V range of 41-51 months. We review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Lawrence, 916 F.2d 553, 554 (9th Cir.1990).
 
 
 11
 The record reflects that at least one set of prior offenses was the subject of a single indictment, plea, and sentencing. Application Note 3 to section 4A1.2 therefore required the district court to consider these cases related even in the absence of a formal consolidation order. Contrary to the government's assertions, we are not free to ignore this application note. See United States v. Fine, 946 F.2d 650, 653-54 (9th Cir.1991); United States v. Anderson, 942 F.2d 606, 613-14 (9th Cir.1991) (en banc). Consequently, we remand for resentencing.
 
 
 12
 On remand, the district court may consider the other language in Application Note 3. This language recognizes that sentencing courts may depart from the guidelines in cases where the related offense definition proves overly broad. The court therefore has the option to consider whether a departure is appropriate.
 
 
 13
 CONVICTIONS OF BOTH DEFENDANTS AFFIRMED; SENTENCE OF WILLIAM JAMES CUMMINGS, JR., AFFIRMED; SENTENCE OF MICHAEL SCOTT CUMMINGS VACATED, AND HIS CASE REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellants err in stating that no party objected to the continued participation of the juror. The government moved for the juror's dismissal when he first objected to the courtroom procedures