**UNITED STATES of America**

**v.**

**Gerald J. PETRILLO, Defendant.**

**No. 98 CR. 0143.**

United States District Court,
S.D. New York.

Aug. 9, 1999.

William F. Johnson, Tai Park, New York City, for U.S.

Michael H. Soroka, Garden City, for Defendant.

## OPINION

RAKOFF, District Judge.

This Opinion will briefly elaborate a ruling, made by the Court during the recently-completed trial of this case, that allowed the Government to introduce as evidence of the charged conspiracy the prior allocutions of the defendant's co-conspirators in pleading guilty to the same conspiracy charge.

Such proffers are common in this District. The Government typically argues that the co-defendants' plea allocutions are probative of the existence of the alleged conspiracy, that—assuming the co-defendants are unwilling, on Fifth Amendment grounds, to testify at the defendant's trial—the allocutions qualify as exceptions to the hearsay rule under Fed. R.Evid. 804(b)(3) (statements against penal interest), and that redaction from the allocutions of any explicit reference to the defendant will avoid any constitutional infirmities or problems of undue prejudice. These arguments have met with sufficient success that the Government now routinely describes the admissibility of such evidence as "settled law." *See, e.g.,* Government's letter brief, 7/16/99, at 5 (in this case); Government's letter brief, 5/5/95, at 3 (in the case of *United States v. Zapata,* 98 Cr. 808(JSR)).

In fact, however, prior Second Circuit case law in this area is somewhat unsettled. Despite some broad dicta, the Court of Appeals has never held that the fact that a guilty plea allocution ordinarily qualifies as a statement against penal interest under Rule 804(b)(3) means that its admissibility thereby automatically passes muster under the Confrontation Clause of the Constitution.[1] *See generally, e.g., United States v. Muyet,* 958 F.Supp. 136, 140 (S.D.N.Y. 1997); *Latine v. Mann,* 25 F.3d 1162, 1166 (2d Cir.1994); *United States v. Matthews,* 20 F.3d 538, 545 (2d

Cir.1994); *United States v. Bakhtiar,* 994 F.2d 970, 977 (2d Cir.1993). Rather, extrapolating on the Supreme Court's seminal decision in *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the Second Circuit has held, first, that "[e]vidence that does not fall within a firmly rooted hearsay exception ... is inadmissible under the Confrontation Clause 'absent a showing of particularized guarantees of trustworthiness,'" *Latine,* 25 F.3d at 1166 (quoting *Roberts,* 448 U.S. at 66, 100 S.Ct. 2531); second, that "the question whether the statement against penal interest is firmly rooted [for Confrontation Clause purposes] ... remains open in this Circuit," *id.* at 1166; and, third, that, accordingly, the determination of whether a statement has "particularized guarantees of trustworthiness" must be made on an individualized basis, taking account of all relevant facts and circumstances, *see, e.g., id.* at 1167; *Matthews,* 20 F.3d at 546. While the circumstances surrounding the making of a guilty plea are more likely to provide such guarantees of trustworthiness than is the case with most other statements against penal interest, *see, e.g., United States v. Williams,* 927 F.2d 95, 98 (2d Cir.1991); *United States v. Winley,* 638 F.2d 560, 562 (2d Cir.1981), an individualized assessment of such allocutions is still required, *see, e.g., United States v. Katsougrakis,* 715 F.2d 769, 776 (2d Cir.1983); *Winley,* 638 F.2d at 562–563.

■ To this mix must now be added the Supreme Court's very recent decision in *Lilly v. Virginia,* —— U.S. ——, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999), in which a plurality of the Court held that statements against penal interest do not qualify as a "firmly rooted exception" to Confrontation Clause prohibitions when offered against criminal defendants other than the declarants. *See Lilly,* —— U.S. at ——, 119 S.Ct. at 1899. As a result, in

---

1. The Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. Amend. VI.

order for the Government to introduce against a defendant an unavailable co-defendant's plea allocution, the Government must now show (in addition to relevance and lack of substantial prejudice) *both* that the particular allocution qualifies as a hearsay exception under Rule 804(b)(3) (or, conceivably, under some other exception) *and*, independently, that it bears sufficient particularized guarantees of trustworthiness to satisfy the Confrontation Clause's "residual 'trustworthiness' test," *id.* at 1900. *See also Roberts*, 448 U.S. at 66, 100 S.Ct. 2531.

With respect to the first requirement, those portions of the allocution of a guilty plea where the declarant directly and finally subjects himself to punishment will usually meet the test of Rule 804(b)(3), provided the declarant is now unavailable and provided the portions of the plea allocution offered in evidence are carefully limited to those statements that were clearly made against the declarant's own penal interest. *See, e.g., United States v. Scopo*, 861 F.2d 339, 348 (2d Cir.1988); *United States v. Winley*, 638 F.2d 560, 562–563 (2d Cir. 1981). But the second requirement—the residual admissibility test of *Roberts* and *Lilly*—requires a separate and rigorous analysis that cannot be satisfied unless the District Court in effect determines that "the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Idaho v. Wright*, 497 U.S. 805, 820, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990).

██ In the instant case, both requirements were satisfied. The Government's proffer involved the guilty plea allocutions of co-defendants William Killeen and Thomas Bock to a prior version of Count One of the instant Indictment, which in essence charged defendant Gerald J. Petrillo with participating in a conspiracy with Killeen, Bock, and an unindicted co-conspirator, Edward Cohn, to defraud the Internal Revenue Service by disguising reimbursed personal expenses as business expenses and failing to report them as income. In pleading guilty, Killeen and Bock specifically allocuted to the conspiratorial scheme, but nowhere expressly implicated Petrillo. Moreover, with their sentences still pending, they properly invoked the Fifth Amendment privilege against testifying at the instant trial. *See Mitchell v. United States*, — U.S. —, —, 119 S.Ct. 1307, 1311, 143 L.Ed.2d 424 (1999). Accordingly, the Government offered their plea allocutions—narrowly redacted to statements directly against their penal interests—to help prove the existence of the alleged conspiracy *but not* whether Petrillo was a member of the conspiracy.[2]

In admitting the statements for this limited purpose, the Court separately found that they qualified under Rule 804(b)(3) and under the residual admissibility test of the Confrontation Clause. As to the former, the Court, for example, took note, *inter alia*, of the obvious fact that in admitting to the conspiracy alleged in Count One, Killeen and Bock thereby knowingly subjected themselves to prison terms that, under the applicable guideline range, were likely to be in excess of one year. Although Petrillo's counsel speculated that Killeen and Bock might have pleaded guilty to this charge in order to avoid pleading guilty to charges relating to certain securities violations in which they, but not Petrillo, were involved, the guideline punishments for these violations were less than for the instant conspiracy, and, in any case, Killeen and Bock also pleaded guilty to a separate conspiracy charge embracing

---

2. The jury was repeatedly instructed on the limited permissible use of this evidence. *See, e.g.,* Trial Transcript, 7/22/99, at 686–693. *See also Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (allowing the admission of "a nontestifying codefendant's confession with a proper limiting instruction when ... the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence"); *United States v. Williams*, 936 F.2d 698 (2d Cir.1991).

some of the securities violations and separately enhancing their punishment. Moreover, as neither Killeen nor Bock was then involved in cooperating with the Government, they had no motive to artificially assist the Government by exaggerating the nature or extent of the instant conspiracy. Instead, their statements served if anything to narrow its scope.

As to the residual admissibility test, the Court concluded, *inter alia,* that the inherent reliability of the proffered statements was even greater than that of guilty pleas generally. Like many other pleas, they were made in open court, under oath, before the sentencing judge, following extensive pre-trial proceedings, with the assistance of counsel, and against the declarants' penal interests. Additionally, however, Killeen's and Bock's allocutions were given in the context of an unusually full inquiry by the Court as to the circumstances of their underlying plea bargains and as to their knowledge of the consequences of their pleas, an inquiry that continued over parts of two days and that went well beyond the requirements of Fed.R.Crim.P. 11. Against this background, the truthfulness of their admission of their joint conspiracy to defraud the I.R.S. is virtually unassailable.

In sum, while the gloss that *Lilly* places on prior law suggests that even some guilty plea allocutions that readily qualify as statements against penal interest under Rule 804(b)(3) may lack sufficient particularized indicia of reliability to overcome a Confrontation Clause objection to their admission, the allocutions introduced in this case more than meet even the most rigorous tests endorsed by *Lilly.*