**UNITED STATES of America,**
**Appellee,**

v.

**Alan SUGAR, Dan Latham, a/k/a**
**"O. Two–Feathers," Morris**
**Rayblatt, Defendants,**

**Theo Theophanous, Paris Stasinopo-**
**lous, a/k/a Paris Stasinopoulos,**
**Defendants–Appellants.**

**Docket No. 00–1403(L).**

United States Court of Appeals,
Second Circuit.

Feb. 13, 2001.

Spiros A. Tsimbinos, Kew Gardens, NY, for appellant Theophanous.

Paris Stasinopoulos, Staten Island, NY, pro se.

Boyd M. Johnson III, Assistant United States Attorney, for Mary Jo White, United States Attorney, for Southern District of New York; James J. Benjamin, Jr. on the brief, for appellee.

Present JACOBS, CALABRESI, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Theo Theophanous and Paris Stasinopoulos ("appellants") appeal judgments of conviction entered against them in the United States District Court for the Southern District of New York (Mukasey, *J.*) on charges of wire fraud, securities fraud, and conspiracy to commit both offenses, brought in connection with a scheme to sell two fictitious certificates of deposit issued in the name of Panacea Bank & Trust, Inc., a bank licensed in Nauru, a small island nation in the Cental Pacific. Appellants claim that there was insufficient evidence to support the conclusion that they knew the securities in question were fictitious, and hence, they argue, it could not be proven that they had the requisite *mens rea* to commit fraud. In addition, appellants, who did not share counsel below, both claim that they received constitutionally ineffective assistance. Finally, Theophanous claims that the district court's decision to admit into evidence the plea-allocutions of co-defendants denied him his Sixth Amendment confrontation rights. We affirm.

### I.

■ The evidence presented at trial demonstrated that appellants consciously avoided determining whether the CDs were, in fact, fictitious. Under our precedents, this is sufficient to permit the jury to infer that Theophanous and Stasinopoulos knew the securities were worthless, and, as a corollary, it is adequate to support a finding of guilt. *See, e.g., United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir.1995). Appellants' ineffective assistance claims fail because they have not shown that "there is a reasonable probability that, but for counsel[s'] unprofessional errors, the result of the proceeding would

have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Several of counsels' alleged errors were no more than plausible strategic decisions. And, as to those decisions by counsel that were not as likely to have been strategic, any possible errors were surely harmless given the overwhelming evidence of appellants' guilt. Finally, Theophanous's challenge to the admission of the allocutions of certain co-defendants is also without merit. The allocutions were admissible as statements against interest within the meaning of Federal Rule of Evidence 804(b)(3), *see United States v. Winley,* 638 F.2d 560, 562 (2d Cir.1981) ("It is hard to conceive of any admission more incriminating to the maker or surrounded by more safeguards of trustworthiness than a plea of guilty in a federal court."), and Theophanous's contention that Judge Mukasey's subsequent jury charge misled the jury as to the relevance of the allocutions is without foundation. Far from being plainly erroneous, *see, e.g., United States v. Bala,* 236 F.3d 87, 94 (2d Cir.2000) (noting that jury instructions, when not objected to at trial, are reviewed for plain error), Judge Mukasey's instruction properly stated the law.

## II.

We have considered all of appellants' arguments and find them to be without merit. The judgment of the district court is AFFIRMED.