**UNITED STATES of America,**

v.

**Alexander CHAN, Defendant.**

**No. S11 97 CR 1053(PKL).**

United States District Court,
S.D. New York.

Jan. 14, 2002.

Maria Horn, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for plaintiff.

Don D. Buchwald, Buchwald & Kaufman, New York City, Jacob R. Euseroff, Brooklyn, NY, for defendant.

### *MEMORANDUM ORDER*

LEISURE, District Judge.

The government charges the defendant Alexander Chan with five counts involving narcotics related offenses, one count of which charges Chan with a conspiracy to possess and distribute heroin. The government moves, *in limine*, to introduce portions of the guilty plea allocutions of three of the defendant's alleged co-conspirators, Kin Man Hui, Gerry Eng, and Ting To Kaw, in order to prove the existence of a conspiracy, arguing that these redacted allocutions are statements against interest under Rule 804(b)(3) of the Federal Rules of Evidence, and thus should be admitted

as exceptions to the hearsay rule. For the reasons set forth below, the government's motion is granted.

## BACKGROUND

The first count of the indictment in this case charges Alexander Chan with a conspiracy to possess and distribute more than one kilogram of heroin from in or about July 1997 to in or about September 1997, in the Southern District of New York. *See* Indictment of Alexander Chan, September 6, 2001 at Count One. The government alleges that Chan participated in this charged conspiracy with a group of co-conspirators including Kin Man Hui, Gerry Eng, and Ting To Kaw. *See* Government's Motion *in Limine* Regarding Plea Allocutions, September 6, 2001 ("Government's Motion Regarding Plea Allocutions"), at 1.

On March 6, 1998, Kin Man Hui pled guilty to conspiring with others to distribute and to possess with intent to distribute heroin, from in or about August 1996 up to and including in or about September 1997. In the portion of the plea allocution the government seeks to admit, and while under oath, Hui admits to conspiring with others to distribute heroin. *See* Hui Transcript, March 6, 1998 at 10–11. On June 30, 1999, Gerry Eng pled guilty to conspiring with others to distribute and to possess with intent to distribute heroin, from in or about August 1996 through September 1997. In the portion of the plea allocution the government seeks to admit, and while under oath, Eng states that, in or around August 1997, he agreed to purchase heroin from one individual, with the intent of selling it to others. *See* Eng Transcript, June 30, 1999 at 9–12. On July 10, 1998, while under oath, Ting To Kaw also pled guilty to conspiring with others to distribute and possess with intent to distribute heroin, from in or about August 1996 through September 1997. *See* Kaw Transcript, July 10, 1998 at 9–12.

None of the redacted allocutions which the government seeks to admit mention the defendant. Counsel for Hui, Eng and Kaw have notified the government that if called to testify at trial, their clients will assert their Fifth Amendment privilege against self-incrimination. *See* Government's Motion Regarding Plea Allocutions at 2.

## DISCUSSION

### I. Motions *in Limine*

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) (noting that although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Noble v. Sheahan*, 116 F.Supp.2d 966, 969 (N.D.Ill.2000); *see also Baxter Diagnostics, Inc. v. Novatek Medical, Inc.*, No. 94 Civ. 5520, 1998 WL 665138, at * 3 (S.D.N.Y. Sept.25, 1998) (denying a motion *in limine* to preclude presentation of evidence regarding a potential punitive damages claim because the motion was too sweeping in scope to be considered prior to trial). Indeed, courts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context. *See National Union Fire Ins. Co.*, 937 F.Supp. at 287 (citing *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993)). Fur-

ther, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer." *Luce,* 469 U.S. at 41, 105 S.Ct. 460.

## II. The Availability of Hui, Eng and Kaw

■ Rule 804(b)(3) of the Federal Rules of Evidence provides for the admission of a statement against a declarant's interest if the declarant is unavailable as a witness at trial. It is well settled that when a witness invokes their Fifth Amendment rights, the witness is "unavailable" as defined by Rule 804(a)(1). *See United States v. Matthews,* 20 F.3d 538, 545 (2d Cir.1994); *United States v. Bakhtiar,* 994 F.2d 970, 977 (2d Cir.1993). A witness need not be physically brought into court to assert the privilege; the government's representation that the pleading defendants' lawyers had been contacted and that each attorney stated that his client would assert the Fifth Amendment privilege is sufficient. *See, e.g., United States v. Williams,* 927 F.2d 95, 98–99 (2d Cir. 1991). Indeed, the Fifth Amendment privilege can survive sentencing, as the Second Circuit has held that co-conspirators who have already been sentenced are unavailable if they assert their Fifth Amendment privilege. *See Williams,* 927 F.2d at 98–99 (allowing the admission of the plea allocutions of four defendants who asserted their Fifth Amendment privilege and had already been sentenced at the time of the defendant's trial); *United States v. Adderley,* No. 99 Cr. 574, 2001 WL 766988, at *2 (S.D.N.Y. July 9, 2001) (noting that the Fifth Amendment privilege may survive

sentencing). Although Hui, Eng and Kaw have been sentenced, the government believes that they may expose themselves to additional criminal liability by testifying in the instant trial. *See* Government's Motion Regarding Plea Allocutions at 3. In addition, Hui, Eng and Kaw have notified the government through their attorneys that they will invoke their Fifth Amendment rights if called to testify. *See id.* Therefore, Hui, Eng and Kaw are unavailable under Rule 804(a)(1).[1]

## III. The Admissibility of the Plea Allocutions of Hui, Eng and Kaw as Statements Against Interest

Rules 801 and 802 of the Federal Rules of Evidence bar the admission of hearsay, statements other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted. Statements which are against the declarant's interest, however, are carved out from the general hearsay prohibition when the declarant is unavailable. *See* Fed. R.Evid. 804(b)(3). Rule 804(b)(3) provides in pertinent part:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.

■ The Second Circuit has indicated that guilty plea allocutions qualify as statements against interest. *See Williams,* 927

---

1. Defendant's counsel has not argued that Hui, Eng and Kaw are available. Indeed, defendant's counsel has not put in any papers opposing the government's motion to admit the redacted plea allocutions of Hui, Eng and Kaw. Defendant's counsel has argued orally,

however, that these plea allocutions are irrelevant in the present case. *See* Transcript of Oral Arguments before Hon. Lawrence M. McKenna, January 5, 2002 ("Transcript of Oral Arguments"), at 30–31. The Court addresses this argument in Section V.

F.2d at 98; *United States v. Scopo,* 861 F.2d 339, 348 (2d Cir.1988); *United States v. Winley,* 638 F.2d 560, 562 (2d Cir.1981). In *Scopo,* the Second Circuit held:

> In general a plea of guilty is a statement against the penal interest of the pleader for the obvious reason that it exposes him to criminal liability. Likewise, so much of the allocution as states that the defendant committed or participated in the commission of a crime, thereby permitting the court to accept the plea, is normally against his interest.

861 F.2d at 348 (citations omitted). In accord with the Supreme Court's holding in *Williamson v. United States,* however, only those portions of the plea allocution which are self-inculpatory are admissible under Rule 804(b)(3), 512 U.S. 594, 600, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); *see United States v. Moskowitz,* 215 F.3d 265, 269 (2d Cir.), *cert. denied,* 531 U.S. 1014, 121 S.Ct. 571, 148 L.Ed.2d 489 (2000); *see also Winley,* 638 F.2d at 562 & n. 2 (noting that the guilty plea allocutions of each codefendant which were redacted to omit any reference to the defendant on trial fully qualified as declarations against penal interest). Turning to the present case, the plea allocutions of Hui, Eng and Kaw are against their penal interests because the allocutions expose them to potentially long prison sentences. In addition, the redacted plea allocutions are self-inculpatory, and do not mention the defendant. Therefore, the redacted plea allocutions of Hui, Eng and Kaw qualify as statements against their interest under Rule 804(b)(3).

## IV. The Defendant's Confrontation Clause Rights

■ "In all criminal prosecutions, state as well as federal, the accused has a right, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, 'to be confronted with the witnesses against him.' " *Lilly v. Virginia,* 527 U.S. 116, 123, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999) (quoting U.S. Const. amend. VI). The Confrontation Clause's purpose is to ensure the reliability of the evidence against a criminal defendant by subjecting it to vigorous testing. *See Lilly,* 527 U.S. at 123–24, 119 S.Ct. 1887 (quoting *Maryland v. Craig,* 497 U.S. 836, 845, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990)). When the government seeks to introduce a declarant's out of court statement against the accused, courts must decide whether the Confrontation Clause allows the government to deny the accused his usual right to subject the declarant to cross-examination, "the greatest legal engine ever invented for the discovery of truth." *Lilly,* 527 U.S. at 124, 119 S.Ct. 1887 (quoting *California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)).

■ In order to satisfy the Confrontation Clause, the Supreme Court has indicated that when a declarant is unavailable and their statement is offered against the accused, the hearsay statement must either (1) fall within a firmly rooted exception to the hearsay rule, or (2) contain particularized guarantees of trustworthiness such that cross-examination would be expected to add little, if anything, to the statement's reliability. *See Lilly,* 527 U.S. at 124–25, 119 S.Ct. 1887; *United States v. Gallego,* 191 F.3d 156, 167 (2d Cir.1999). Although the Second Circuit has not yet decided whether declarations against penal interest are a firmly rooted exception to the hearsay rule, the Second Circuit has opined on what constitutes particularized guarantees of trustworthiness. *See Moskowitz,* 215 F.3d at 269.

■ Particularized guarantees of trustworthiness exist where (1) the plea allocution subjected the defendant to the risk of a lengthy term of imprisonment, (2) the allocution was given under oath, and (3) the district court instructs the jurors that the allocution may only be considered

as evidence that a conspiracy existed, and not as evidence that the defendant in the instant case was a member of the alleged conspiracy or otherwise guilty of the crimes charged against them. *See id.* (quoting *Gallego*, 191 F.3d at 167). In the instant case, the redacted plea allocutions of Hui, Eng and Kaw demonstrate the particularized guarantees of trustworthiness necessary to satisfy the Confrontation Clause, and thus the Court need not consider whether statements against interest are a firmly rooted exception to the hearsay rule. Their guilty allocutions subjected Hui, Eng and Kaw to lengthy prison terms, and were given oath.[2] Further, as mandated by the Second Circuit, the Court will instruct the jury at the appropriate time that the redacted plea allocutions may only be considered as evidence that a conspiracy existed, and not as evidence that the defendant was a member of the alleged conspiracy or otherwise guilty of the crimes charged against him.

## V. The Relevance of the Plea Allocutions

Defendant's counsel has objected to the admission of the redacted plea allocutions of Hui, Eng and Kaw on the basis that they are not relevant in the instant case. Defendant's counsel argues that the redacted allocutions do not bear on the question of the defendant's membership in the conspiracy charged. *See* Transcript of Oral Arguments at 30–31.

 The redacted plea allocutions are relevant because they tend to show that a conspiracy to distribute heroin existed, an issue which is central to the case. *See* Fed.R.Evid. 401 (defining relevant evidence as evidence having any tendency to make a fact of consequence to the determination of the action more or less probable than without the evidence); *United States v. Cusack*, 229 F.3d 344, 347–48 (2d Cir. 2000). However, even relevant evidence may be held inadmissible, if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Fed. R.Evid. 403 (excluding relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). The Advisory Committee Note to Fed.R.Evid. 403 explains that unfair prejudice is an "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See Tome v. United States*, 513 U.S. 150, 160, 115 S.Ct. 696, 130 L.Ed.2d 574 (1995) (holding that the Advisory Committee Notes are a helpful guide for interpreting the Federal Rules of Evidence).

 The Court finds that introduction of the redacted plea allocutions of Hui, Eng and Kaw would not be unfairly prejudicial. *See United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995) (noting that generally, "any proof highly probative of guilt is prejudicial to the defendant"); *see also Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir.1997) (holding that the unfair prejudice contemplated by Fed. R.Evid. 403 involves some adverse effect beyond tending to prove the fact or issue that justifies admission of the evidence). In accord with the Second Circuit, the Court will instruct the jury at the appropriate time that the redacted plea allocutions may only be considered as evidence that a conspiracy existed, and not as evidence that the defendant was a member of the alleged conspiracy or otherwise guilty of the crimes charged against him. Therefore, the Court grants the government's

---

2. Further, Hui, Eng and Kaw were not cooperating with the government, and thus did not have any motive to curry favor with the government at their respective plea hearings by artificially exaggerating the nature and scope of the conspiracy. *See* Government's Motion Regarding Plea Allocutions, at 5.

motion to introduce the redacted plea allocutions of Hui, Eng and Kaw. The Court invites counsel to provide proposed limiting instructions for submission to the jury with respect to the considerations discussed herein.[3] *See, e.g., United States Football League v. NFL,* 842 F.2d 1335, 1370–71 & n. 23 (2d Cir.1988).

## CONCLUSION

For the reasons set forth above, the government's motion *in limine* to admit the redacted plea allocutions of Hui, Eng and Kaw is granted.

**SO ORDERED.**

---

**3.** The government has already submitted a proposed limiting instruction is part of its motion *in limine.* *See* Motion Regarding Plea Allocutions at 5–6