**UNITED STATES of America**

**v.**

**Rana KHANDAKAR and Usawan Saelim, Defendants.**

**No. 12 Cr. 584(JGK).**

United States District Court, S.D. New York.

July 23, 2013.

Christine Ingrid Magdo, United States Attorney Office, James J. Pastore, Jr., U.S. Attorney's Office, New York, NY, for United States of America.

Steve Zissou, Steve Zissou & Associates, Bayside, NY, William Joseph Stampur, Hurwitz Stampur & Roth, Jeffrey Chabrowe, Law Offices of Jeffrey Chabrowe, Michael H. Sporn, Law Office of Michael H. Sporn, New York, NY, for Defendants.

## *OPINION AND ORDER*

JOHN G. KOELTL, District Judge:

In August 2012, a Grand Jury in the Southern District of New York returned a three-count Indictment against the defendants, Rana Khandakar and Usawan Saelim. Count One of the Indictment charged the defendants with conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2). (Indictment ¶¶ 1–4.) Count Two charged the defendants with conspiracy to commit mail fraud and bank fraud, in violation of 18 U.S.C § 1349. (Indictment ¶¶ 5–8.) Count Three charged the defendants with aggravated identity theft, in violation of 18 U.S.C. § 1028A and

2, as part of the fraudulent conspiracies charged in Counts One and Two of the Indictment. (Indictment ¶ 9.)

In May 2013, a Grand Jury returned a four-count Superseding Indictment against the defendants. The Superseding Indictment charges the defendants with the same counts as the initial indictment, as well as an additional count. Count Four of the Superseding Indictment charges the defendants with conspiracy, in violation of 18 U.S.C. § 371, to steal government funds as prohibited by 18 U.S.C. § 641. (Superseding Indictment ¶¶ 10–12.) The Superseding Indictment alleges in Counts One and Two that the defendants conspired to commit large scale and sophisticated frauds involving millions of dollars of fraudulent charges made on credit and debit card accounts. Count Three alleges that the defendants committed aggravated identity theft as part of those fraudulent conspiracies. Count Four alleges that the defendants conspired "to obtain thousands of dollars in Medicaid health benefits to which they were not entitled" by filing false Medicaid applications that failed to disclose their receipt of the proceeds of the frauds charged in Counts One and Two. (Superseding Indictment ¶¶ 10–11.) The defendants now move, pursuant to Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure, to sever Count Four of the Superseding Indictment related to alleged Medicaid fraud       .

### I.

The defendants argue that Count Four of the Superseding Indictment was improperly joined to Counts One, Two, and Three, because Count Four is unrelated to the other charges. The Government responds that because Count Four alleges that the defendants fraudulently obtained Medicaid benefits by failing to disclose the sums of money they earned through the

frauds charged in the remaining counts, Count Four is a part of a common scheme and should not be severed.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that multiple charges may properly be joined in the same indictment "if the offenses charged ... are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R.Crim.P. 8(a). Rule 8 sets forth a "liberal standard for joinder." *United States v. McGrath,* 558 F.2d 1102, 1106 (2d Cir. 1977).

■ Count Four is directly connected to the frauds charged in the remaining counts. Defendants may be tried jointly on charges of fraud and charges stemming from the failure to report the proceeds of that fraud. Those charges are, in the words of Rule 8(a), connected with or constitute parts of a common scheme or plan. Indeed, it is well settled that "if a defendant is charged with fraud, the [G]overnment may prosecute the defendant for fraud and for not paying taxes on the profits produced by the alleged fraud jointly." *United States v. Shellef,* 507 F.3d 82, 98 (2d Cir.2007); *see also United States v. Turoff,* 853 F.2d 1037, 1043 (2d Cir.1988) ("[T]ax counts can properly be joined with non-tax counts where it is shown that the tax offenses arose directly from the other offenses charged."); *United States v. King,* No. 10 Cr. 122, 2011 WL 1630676, at *8–9 (S.D.N.Y. Apr. 27, 2011) (holding claims properly joined where defendant charged with tax evasion for failing to report money allegedly misappropriated in other charges in the indictment). "The most direct link possible between non-tax crimes and tax fraud is that funds derived from non-tax violations are ... the unreported income." *Shellef,* 507 F.3d at 98 (quoting *Turoff,* 853 F.2d at 1043). The

Medicaid fraud charged in Count Four is analogous to a charge of income tax evasion that stems directly from the defendants' failure to report the proceeds of their frauds. Counts One and Two charge fraudulent schemes to obtain funds. Count Three charges aggravated identity theft in connection with the fraudulent schemes charged in Counts One and Two. In Count Four, just as in the tax evasion cases where joinder has been found to be proper, the Government charges that the defendants committed a crime by failing to disclose the income earned through the fraudulent schemes in the other Counts charged. Therefore, joinder of Count Four is proper. *See King,* 2011 WL 1630676, at *9.

■ Furthermore, Count Four was properly joined because the defendants are alleged to have made false statements to Medicaid authorities by denying control of assets that the defendants allegedly retained as a result of their other fraudulent schemes. Where a defendant is charged with submitting false statements, and those false statements are related to another fraudulent scheme, the charges of both the false statements and the fraudulent scheme may be joined under Rule 8(a). *See United States v. Ruiz,* 894 F.2d 501, 505 (2d Cir.1990); *United States v. Broccolo,* 797 F.Supp. 1185, 1189–91 (S.D.N.Y.1992), *aff'd,* 999 F.2d 536, 536 (2d Cir.1993) (unpublished table opinion).

■ Moreover, "[j]oinder is proper where the same evidence may be used to prove each count." *United States v. Amato,* 15 F.3d 230, 236 (2d Cir.1994) (quoting *United States v. Blakney,* 941 F.2d 114, 116 (2d Cir.1991)). Here, the evidence of the profit the defendants derived from their fraudulent schemes is the same evidence that the Government will use to prove that the defendants submitted false Medicaid applications. The Government

has also proffered that it will use the Medicaid applications to prove the defendants' consciousness of guilt for Counts One, Two, and Three. Furthermore, the Government has proffered several false exculpatory statements that would be admissible on all counts.

Contrary to the defendants' arguments, the Government is not alleging a completely separate scheme in Count Four. *Cf. United States v. Litwok*, 678 F.3d 208, 216–17 (2d Cir.2012) (reversing for misjoinder when a count of mail fraud had nothing to do with a jointly tried claim of unreported income); *Shellef*, 507 F.3d at 99 (reversing denial of motion to sever when tax violation occurred "before the conspiracy and wire fraud allegedly began"); *see also United States v. Halper*, 590 F.2d 422, 429 (2d Cir.1978) (reversing convictions in joint trial of separate Medicaid fraud and tax evasion indictments because the charges had no demonstrable connection). Count Four stems directly from the fraudulent schemes charged in Counts One and Two and the aggravated identity theft charged in Count Three was allegedly committed as part of the fraudulent conspiracies charged in Counts One and Two. Unlike *Halper*, in which the Government conceded that "the sums charged in the income tax evasion indictment were not the same funds embraced in the Medicaid fraud indictment," 590 F.2d at 429, in this case the Government has proffered that it will prove that the defendants committed the Medicaid fraud charged in Count Four by demonstrating that the income derived from the fraudulent schemes charged in Counts One and Two was not reported on their Medicaid applications.

## II.

■ The defendants also argue that even if the counts were properly joined, the counts should be severed pursuant to Rule 14 of the Federal Rules of Criminal Procedure. Rule 14 provides, in relevant part, that "[i]f the joinder of offenses ... in an indictment ... appears to prejudice a defendant or the government, the court may order separate trials of counts ...." Fed.R.Crim.P. 14. "Given the balance struck by Rule 8, which 'authorizes some prejudice' against the defendant, a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in 'substantial prejudice.'" *Amato*, 15 F.3d at 237 (quoting *Turoff*, 853 F.2d at 1043); *see also King*, 2011 WL 1630676, at *8.

The defendants have failed to carry their heavy burden of demonstrating substantial prejudice. The defendants argue that the evidence of the frauds charged in Counts One, Two, and Three would not be admissible in a trial of the Medicaid fraud in Count Four and vice versa. The defendants' primary argument is that the evidence would be inadmissible pursuant to Rule 404(b) of the Federal Rules of Evidence. Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b). However, the Rule then provides that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* Courts in the Second Circuit take an "inclusionary approach" to the admission of other-act evidence, under which "such evidence is admissible for any purpose other than to show the defendant's criminal propensity," *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir.2009) (internal quotation marks omitted), so long as the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, *see id.* at 476.

Here, the fraudulent schemes alleged in Counts One, Two, and Three, would be admissible in a separate trial on Count Four to prove the defendants had income that they did not report on their Medicaid applications. *See United States v. Mickens*, 926 F.2d 1323, 1329 (2d Cir. 1991) (evidence of prior involvement in unlawful activity admissible in tax evasion prosecution on theory that unlawful activity provided the money the defendant failed to declare). Similarly, in a trial on Counts One, Two, and Three, the defendants' false statements on their Medicaid applications would be admissible to prove intent, knowledge, absence of mistake, and consciousness of guilt. *See, e.g., United States v. Hatfield*, 685 F.Supp.2d 320, 324 (E.D.N.Y.2010) ("If, as [the] [d]efendants claim, they were legally entitled to all the compensation they received ... they would have reported this compensation as income to the IRS. The fact that they allegedly did not demonstrates the [d]efendants' consciousness of guilt.") (collecting cases). Moreover, the evidence of the defendants' false exculpatory statements would also be admissible on all counts.

Finally, although the proof will be more extensive for the first three counts, because it is necessary to show the identity thefts rather than simply the receipt of income, that alone is insufficient to constitute "substantial prejudice" requiring severance. *See, e.g., United States v. Werner*, 620 F.2d 922, 928 (2d Cir.1980) ("In order to prevail, the defendant must show not simply some prejudice but substantial prejudice."); *King*, 2011 WL 1630676, at *8–9. Because the counts are connected, and because the evidence would be admissible at separate trials, the defendants cannot demonstrate that substantial prejudice will result from the joinder of all four Counts.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the defendants' motions to sever Count Four are **denied.**

**SO ORDERED.**