**UNITED STATES of America,**

v.

**Melissa BLAKE, Defendant.**

**14-CR-98 (05) (VM)**

United States District Court, S.D. New York.

Signed July 14, 2016

Megan Lynn Gaffney, Tatiana Roesler Martins, United States Attorney Office, New York, NY, for United States of America.

Natali J.H. Todd, Law Office of Natali J.H. Todd P.C., Brooklyn, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, United States District Judge

The Court has received motions in limine from the Government and defendant Melissa Blake ("Blake") pertaining to the trial in the matter of United States v. Melissa Blake.[1]

The Government moves (1) to introduce statements made by-Blake to law enforcement officers before and after her arrest as statements of an opposing party under Federal Rule of Evidence ("FRE") 801(d)(2), and (2) to preclude Blake from offering certain statements of her own made to law enforcement on the grounds that they constitute inadmissible hearsay pursuant to FRE 802. ("Government's Motion," Dkt. No. 123.)

Blake also filed a motion in limine. ("Blake's Motion," Dkt. No. 127.) She asks the Court to sever Counts One, Two, and Three from Counts Four and Five, which were added to superseding indictment S6 14 CR 98 filed on March 21, 2016 and remain in the operative Indictment. Blake argues that trial on the joined counts violates Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure ("FRCP 8(a)" and "FRCP 14(a)"), as well as FRE 404(b).

1. By superseding indictment S7 14 CR 98 dated April 4, 2016 ("Indictment," Dkt. No. 128), the Government charges Blake with the following criminal offenses: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. Sections 1341, 1343, and 1349 ("Count One"); (2) mail fraud, in violation of 18 U.S.C. Sections 1341 and 2 ("Count Two"); (3) wire fraud, in violation of 18 U.S.C. Sections 1343 and 2 ("Count Three"); (4) conspiracy to commit wire fraud in violation of

For the reasons set forth below, the Government's Motion is **GRANTED** and Blake's Motion is **DENIED**.

## I. LEGAL STANDARD

A motion in limine allows a district court to rule in advance of trial on "the admissibility and relevance of certain forecasted evidence." United States v. Chan, 184 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (citing Luce v. United States, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). When contemplated evidence is found to be inadmissible on all potential grounds, such material should be excluded from trial on a motion in limine. Chan, 184 F.Supp.2d at 340. However, courts may decline ruling on a motion in limine until trial in order to hear the arguments "in the appropriate factual context." Id.

## II. THE GOVERNMENT'S MOTION

The Government moves to allow the introduction of statements made by Blake to United States Postal Inspectors ("Postal Inspectors") as statements of an opposing party under FRE 801(d)(2) (Dkt. No. 123, at 4-5). They include statements made by Blake to Postal Inspectors about:

(1) her residence, phone number, the location of certain check cashing establishments she used, and her sources of income;

(2) Conspiracy One on three separate occasions, specifically related to:

18 U.S.C. Sections 1343 and 1349 ("Count Four"); and (5) the substantive count of wire fraud in violation of 18 U.S.C. Section 1343 ("Count Five"). The first conspiracy charged in the Indictment is the subject of Counts One, Two, and Three ("Conspiracy One"), and the second conspiracy charged in the Indictment is the subject of Counts Four and Five ("Conspiracy Two"). (See Dkt. Nos. 1, 128.)

a) Blake's relationship with Kemar Stewart and her knowledge of Kemar Stewart's involvement in a scam;

b) Blake's sister Nadeisha Blake asking Blake to wire money to Kemar Stewart's sister Stephanie Stewart;

c) Blake's relationship with Triston Stewart and her knowledge of his involvement in scams; and

d) Blake's general denial of any involvement in Conspiracy One;

(3) Conspiracy Two on two separate occasions, including statements related to:

a.) Blake sending "scam money" to an individual in Jamaica she knew as "Prince" beginning in August 2012;

b) Prince's instructions to Blake to send the scam money to "Raymond Jaggon" in Jamaica;

c) Prince's payments to Blake;

d) Blake's estimations of the total money she sent to Jamaica weekly and in total;

e) Blake's knowledge that she was involved in a scam when she started working for Prince; and

f) Blake's decision to stop working for Prince.

The Government also moves to preclude Blake under FRE 802 from eliciting her own self-exculpatory statements made to law enforcement officers regarding Conspiracy One, including Blake's remarks that she believed one of her sisters (codefendants Nadeisha and Sophia Blake) or her cousin (co-defendant Crystal Moss) could have sent money to co-conspirator Triston Gardner via wire transfer without Blake's knowledge by using her identification. (Dkt. No. 123 at 5.) These statements, the Government argues, are inadmissible hearsay.

Blake argues that preventing her from introducing the self-exculpatory statements renders the rest of the statements misleading and denies the jury a fair and impartial understanding of the evidence. Blake also contends that the statements are admissible because they would be offered to demonstrate Blake's state of mind, rather than for the truth of the statements themselves. (Dkt. No. 13 0 at 4-5.)

## A. OPPOSING PARTY STATEMENTS

■■ A hearsay statement is an out-of-court statement offered to prove the truth of the matter asserted. See FRE 801(c); see also Davis v. Velez, 797 F.3d 192, 200 (2d Cir.2015). However, "a party's own statement, if offered against him, is not hearsay." United States v. Marin, 669 F.2d 73, 84 (2d Cir.1982). FRE 801(d) (2) provides that a statement is not considered hearsay if the "statement is offered against a party and is ... the party's own statement." United States v. Gotti, 457 F.Supp.2d 395, 397 (S.D.N.Y.2006). Statements made by a defendant are generally admissible "regardless of whether such statements were against his interest when made." Id.

■■ The statements Blake made to the Postal Inspectors regarding her knowledge of the conspiracy, the participants in the conspiracy, and her involvement are statements of an opposing party that fall directly under FRE 801(d)(2). The statements were made by Blake in an individual capacity to Government agents and Blake manifested that she believed those statements to be true. Accordingly, such statements do not constitute hearsay and may be elicited by the Government through the testimony of its witnesses at trial. Should such witness testimony go beyond the scope of opposing party statements admissible under evidentiary rules, the Court would address specific objections on a case-by-case basis.

## B. SELF-SERVING STATEMENTS

A self-serving statement is one that "tends to reduce the charges or mitigate the punishment for which the declarant might be liable." Williamson v. United States, 512 U.S. 594, 618, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (citation omitted).[2] "[W]hen the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." Marin, 669 F.2d at 84. The statement will be precluded unless it falls within an existing hearsay exception under FRE 802—for instance, if it expresses the declarant's then-existing state of mind and is not offered for its truth. "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, [then] the statement is not hearsay." United States v. Cardascia, 951 F.2d 474, 487 (2d Cir.1991).

Even if a statement is found to be hearsay, an omitted portion of the statement may be placed in evidence under the rule of completeness. See United States v. Johnson, 507 F.3d 793, 796 (2d Cir.2007) (citing United States v. Castro, 813 F.2d 571, 575–76 (2d Cir.1987)). The Second Circuit has interpreted FRE 106 to require that a document be admitted when it is "essential to explain an already admitted document, to place the admitted document in context, or to avoid misleading the trier of fact." United States v. Gotti, 457 F.Supp.2d 395, 397–98 (S.D.N.Y.2006); see also United States v. Gonzalez, 399 Fed. Appx. 641, 645 (2d Cir.2010) (quoting Castro, 813 F.2d at 576).

However, FRE 106 does not generally "compel admission of otherwise inadmissible hearsay evidence," Gotti, 457 F.Supp.2d at 398, and the rule of completeness is "not a mechanism to bypass hearsay rules for any self-serving testimony." Gonzalez, 399 Fed.Appx. at 645. The completeness doctrine does not "require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Johnson, 507 F.3d at 796 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir.1999))(citations omitted).

The Court is persuaded that Blake's self-exculpatory statements made to the Postal Inspectors are inadmissible hearsay under FRE 802. Blake purports to elicit these statements from Government witnesses to prove her state of mind. A declaration of then-existing state of mind under FRE 803(3), however, must convey statements that "face forward, rather than backward." United States v. DiMaria, 727 F.2d 265, 271 (2d Cir.1984). Blake does not suggest any manner in which her out-of-court statements to law enforcement officers explaining that her sisters could have used her identification to send money to Jamaica as part of the charged lottery scam reflect a then-existing state of mind under FRE 803(3), rather than a self-serving explanation of past events.

Neither are Blake's statements admissible under FRE 106 or the completeness doctrine. The statements the Government seeks to admit, which are related to Blake's knowledge of other participants' involvement in the lottery scheme, do not exclude or distort information such that otherwise inadmissible hearsay in the form of Blake's self-exculpatory statements would be necessary to avoid misleading the jury. Blake has not shown how

**2.** The court in Williamson gives the example of an inadmissible statement:

For example, if two masked gunmen robbed a bank and one of them shot and killed the bank teller, a statement by one robber that the other robber was the triggerman may be the kind of self-serving statement that should be inadmissible.

512 U.S. at 618, 114 S.Ct. 2431 (1994).

her statements offering an alternative theory of the evidence are necessary to clarify or explain her statements regarding Conspiracy One that the Government intends to present. See United States v. Glover, 101 F.3d 1183, 1190 (7th Cir.1996). The portions of Blake's statements that she seeks to admit—specifically that her sisters and cousin could have used her identification during the lottery scam—are not directly explanatory of the portions that the Government seeks to admit regarding Blake's relationship with Kemar Stewart, Nadeisha Blake, and Triston Gardner, and her knowledge of those individuals' involvement in lottery scams.

The Court notes that the Government has agreed to elicit Blake's general denial of her participation in Conspiracy One. (Dkt. No. 123 at 5.) Blake, may, in presenting her case, testify subject to cross-examination about her own knowledge relating to the admitted statements, provided such testimony is not unduly speculative or otherwise barred under evidentiary rules. However, Blake may not offer testimony about her own hearsay statements to law enforcement as such testimony is barred under FRE 802.

Accordingly, the Government's Motion to introduce Blake's statements to the Postal Inspectors and to preclude Blake from introducing out-of-court statements explaining her alternative theory of the evidence is **GRANTED**.

### III. BLAKE'S MOTION

Blake requests that the Court sever Counts One, Two and Three from Counts Four and Five. Trying Blake on all counts together, she argues, violates FRCP 8(a), FRCP 14(a) and FRE 404(b) because Counts One, Two, and Three relate to Conspiracy One while Counts Four and Five relate to Conspiracy Two. Blake argues that substantial prejudice will result from the improper joinder because the jury may use evidence of Counts One, Two, and Three to infer guilt as to Counts Four and Five, and vice versa. (Dkt. No. 127 at 6.) The Government responds that the conspiracies are of a "virtually identical" nature and will be proven by overlapping evidence at trial. (Dkt. No. 136 at 1.) The Government further argues that Blake has not shown any substantial prejudice requiring the severance of counts.

■ To prevail on a motion to sever pursuant to Rule 14(a), a defendant must show that a failure to sever will cause him "substantial prejudice in the form of a miscarriage of justice." United States v. Page, 657 F.3d 126, 129 (2d Cir.2011); see also United States v. Amato, 15 F.3d 230, 237 (2d Cir.1994) (A defendant seeking severance bears a "heavy burden" of showing that joinder will result in substantial prejudice.). Thus, a defendant must establish that "unfair prejudice resulted from the joinder, not merely that he might have had a better chance for acquittal at a separate trial." Page, 657 F.3d at 129 (quoting United States v. Rucker, 586 F.2d 899, 902 (2d Cir.1978)) (internal quotation marks omitted). Furthermore, when a defendant seeks severance, the prejudice that must be established from the joinder of offenses must also be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." Page, 657 F.3d at 129 (quoting United States v. Walker, 142 F.3d 103, 110 (2d Cir.1998)).

■ Blake argues that joinder is impermissible under FRCP 8(a) and seeks relief from prejudicial joinder under FRCP 14(a). FRCP 8(a) allows for joinder of offenses when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The Second Circuit has stated that when

the same evidence could be used to prove each count, or if the counts have a "sufficient logical connection," then joinder is generally considered proper. Page, 657 F.3d at 129 (quoting United States v. Ruiz, 894 F.2d 501, 505 (2d Cir.1990)).

The offenses charged in the Indictment readily meet the standard of "the same or similar character." Conspiracy One and Conspiracy Two involve allegations of a practically identical scheme: Jamaican co-conspirators misrepresented to victims in the United States that they had won the lottery and needed to send money to collect their winnings. Victims were instructed to send money by mail or wire transfer to Blake and other co-conspirators in the United States, who then sent money via wire transfer or transported cash in person to Jamaica. Both sets of charges involve co-conspirators in the same small town in Jamaica.

■■■ Blake argues that joining the counts will prejudice her because the jury will be able to consider impermissible propensity evidence under FRE 404(b). FRE 404(b) states that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b); see United States v. Sampson, 385 F.3d 183, 192 (2d Cir.2004). However, this evidence may still be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." United States v. Khandakar, 955 F.Supp.2d 268, 271–72 (S.D.N.Y.2013) (finding no substantial prejudice resulting from joined counts because "the counts are connected, and because the evidence would be admissible [under Rule 404(b)] at separate trials.")). Here, although evidence related to Counts Four and Five is clearly inadmissible for the purpose of showing propensity to commit the offense charged in Counts One, Two, and Three, such evidence would be admissible in separate trials for other purposes, such as to prove intent, knowledge, or absence of mistake. See Khandakar, 955 F.Supp.2d at 272.

■■■ The Court is persuaded that Blake has not met her "heavy burden" of showing substantial prejudice resulting from the joinder of Counts One through Five in a single indictment. Page, 657 F.3d at 129. The Government has demonstrated that under the liberal joinder rule of 8(a), there is a sufficient logical connection between the two sets of Counts. Both sets involve lottery scams that are "of the same or similar character"—indeed, the Government states that it will show that they are virtually identical. A trial on Counts One, Two, and Three would include much of the same evidence as a trial based on Counts Four and Five, including the mechanics of the conspiracies, identifying information linking Blake to wire transfers, and information about Blake's employment and finances disproving a lawful source of income.

To the extent that some risk exists that the jury could consider evidence related to Counts One, Two, and Three to infer guilt on Counts Four and Five or the reverse, the Court would give an appropriate limiting instruction to the jury narrowing the evidence admitted under FRE 404(b). See United States v. Shellef, 507 F.3d 82, 102 (2d Cir.2007). The Supreme Court has noted that certain measures taken by a district court, "such as limiting instructions, often will suffice" to prevent or diminish risk of substantial prejudice when offenses have been properly joined. Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). As the tailoring of relief for any risk of prejudice is in the district court's discretion, the Court will instruct the jury to consider only the evidence properly admissible on each count.

Accordingly, Blake's Motion to sever the counts in the Indictment is **DENIED.**

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion in limine of the Government to elicit certain statements made by defendant Melissa Blake ("Blake") to law enforcement officers pursuant to Rule 801(d)(2) of the Federal Rules of Evidence ("FRE"), and to preclude Blake's self-exculpatory statements to law enforcement pursuant to FRE 802 (Dkt. No. 123) is **GRANTED;** and it is further

**ORDERED** that the motion in limine of defendant Blake to sever Counts Four and Five from Counts One, Two, and Three pursuant to Rules 8(a) and 14(a) of Federal Rules of Criminal Procedure and FRE 404(b) (Dkt. No. 127) is **DENIED.**

**SO ORDERED.**